```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Theresa McAdam

     v.                              Civil No. 04-CV-472-PB

Raymond Lorden, Individually
and as trustee of the REL
Revocable Trust


### MEMORANDUM AND ORDER

Theresa McAdam, the debtor in a bankruptcy proceeding before the United States Bankruptcy Court in the District of New Hampshire, filed a complaint seeking damages from Raymond Lorden for violations of the Bankruptcy Code's automatic stay.  See 11 U.S.C. § 362 (2000).  The bankruptcy court dismissed McAdam's complaint for failure to state a claim.  McAdam appeals.  For the reasons set forth below, I affirm the bankruptcy court's decision.

### I.   BACKGROUND

In October 2003, McAdam filed a Chapter 13 bankruptcy

petition in this district.[1]  McAdam and her husband each owned an undivided one-half interest in their residence in Hollis, which they both occupied.  Compl. ¶ 5.  General Electric Capital Corporation (GECC), a creditor with a claim secured by a second mortgage on McAdam's residence, filed an emergency motion requesting relief from the automatic stay to proceed with a scheduled foreclosure sale of the property.  Id. ¶ 6-7.  The bankruptcy court granted the motion and Lorden was the successful bidder at the foreclosure auction.  Id. ¶ 8.

The foreclosure deed was recorded in the Hillsborough County Registry of Deeds on November 7, 2003.  Id. ¶ 9.  Although the foreclosure sale was properly completed, McAdam and her husband refused to vacate the subject property.  Id.  Lorden then took certain actions, including filing a landlord/tenant eviction action in the state district court, in an attempt to obtain possession of the subject property.  Id. ¶ 10.

On June 17, 2004, McAdam filed a complaint for damages for violation of the automatic stay, alleging that Lorden failed to

---

[1] The bankruptcy petition was converted to a Chapter 7 proceeding on November 26, 2003.

obtain relief from the automatic stay before taking these actions.  Id.  McAdam sought an award of actual damages, including attorneys' fees and expenses, in the amount of $10,000 plus punitive damages in the amount of $25,000 for Lorden's willful violation of the automatic stay.  See id.

Lorden moved to dismiss McAdam's complaint for failure to state a claim and McAdam objected.  The bankruptcy court ruled that the automatic stay did not apply to Lorden's actions and thus dismissed the complaint.  McAdam appeals.

## II.  STANDARD OF REVIEW

I review the bankruptcy court's dismissal of a complaint for failure to state a claim de novo, "taking as true the well-pleaded facts contained in the complaint and drawing all reasonable inferences therefrom in the plaintiff's favor." Garrett v. Tandy Corp., 295 F.3d 94, 97 (1st Cir. 2002); see also Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002). I may affirm, modify, or reverse a bankruptcy court's decision or remand for further proceedings.  Fed. R. Bankr. P. 8013.

### III.  DISCUSSION

McAdam argues that she retained a protected interest in her residence following the foreclosure sale by reason of her continued occupation and possession of the subject property. Lorden counters that the foreclosure sale and subsequent recording of the foreclosure deed extinguished all of McAdam's legal and equitable interests in the property.  Alternatively, Lorden argues that the bankruptcy court should modify its order retroactively to provide that the automatic stay would not prohibit his actions to obtain possession of the property.

The automatic stay has been described as "one of the fundamental debtor protections provided by the bankruptcy laws." Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot., 474 U.S. 494, 503 (1986) (quotation omitted).  It bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).  Property of the estate includes "all legal or equitable interests of the debtor in property as of the

commencement of the case."[2]  Id. § 541(a)(1).  The stay continues "until such property is no longer property of the estate."  Id. § 362(c)(1).

The parties agree that McAdam's residence became part of the bankruptcy estate when she filed the bankruptcy petition.  The bankruptcy court nevertheless concluded that McAdam lost all legal and equitable interests in the property when the foreclosure sale was completed and thus the subject property ceased to be property of the estate at that time.

McAdam concedes that she lost any ownership interest in her residence upon completion of the foreclosure sale.  McAdam Br. at 5-6 (Doc. No. 7).  She also acknowledges that she could no longer exercise any right of redemption.  McAdam Br. at 5-6 (Doc. No. 7); see N.H. Rev. Stat. Ann. ("RSA") § 479:18 (2001) ("All lands conveyed in mortgage may be redeemed by the mortgagor . . . before foreclosure." (emphasis added)).  She argues, however, that she retained a possessory interest in the property as a

---

[2] It also includes property that a Chapter 13 debtor acquires after commencement of the case but before the case is closed, dismissed or converted to a Chapter 7, 11 or 12 case.  11 U.S.C. § 1306 (a)(1)(2000).

holdover tenant or tenant at will, and that this interest is protected by the automatic stay.  I disagree.

First, the bankruptcy court's order allowing GECC to proceed with the foreclosure sale appears to encompass all of McAdam's legal and equitable interests in the subject property, including any possessory interest that she may have had in the property. The bankruptcy court ordered that "GECC may exercise any and all of its rights against [McAdam] and her property pursuant to the terms, conditions and covenants of the Mortgage and applicable non-bankruptcy law, including its foreclosure upon its mortgage against [McAdam's] residence."  Ex. 1 (Order dated October 16, 2003).  Based upon this order, it does not appear that the court intended that McAdam would retain an interest in the property after the foreclosure sale that would remain subject to the automatic stay.  Accordingly, Lorden, as GECC's successor in interest, had no reason to go back to bankruptcy court to again seek relief from the automatic stay, which his predecessor had already obtained.

From a practical standpoint, requiring the purchaser at a foreclosure auction to obtain separate relief from the automatic

stay would deter potential bidders and would not serve the purposes of the stay.

> [T]he purpose of the stay is to give the bankruptcy estate and its fiduciary, either the trustee or the debtor-in-possession, an opportunity to (1) familiarize himself with the various rights and interests involved and with the property available for distribution, and (2) gather together the assets of the estate, determine their value, and liquidate or reorganize them.  This goal is not achieved by applying the stay to a purchaser's attempt to obtain possession of residential real property wrongfully being held by the debtor/former owner, when the debtor has no good-faith, colorable claim to possession and the purchaser's right to possession is not in dispute.

In re St. Clair, 251 B.R. 660, 667 (D. N.J. 2000), aff'd, 281 F.3d 224 (3d Cir. 2001).

Second, I agree with the bankruptcy court that McAdam lost any protected interest that she had in the subject property when the foreclosure process was completed.  Generally, state law determines whether the debtor has any legal or equitable interest in property that is included in the bankruptcy estate, unless federal law requires a different result.  Butner v. United States, 440 U.S. 48, 55 (1979); In re NTA, LLC, 380 F.3d 523, 528 (1st Cir. 2004).

Under New Hampshire law, a mortgagee may exercise the power of sale to foreclose on a property when the mortgagor fails to perform a condition of the mortgage. RSA § 479:22 (2001). The foreclosure process is completed when the foreclosure deed, a copy of the notice of the sale and the seller's accompanying affidavit are recorded in the registry of deeds. RSA § 479:26 (2001). The title to the premises then passes to the purchaser "free and clear of all interests and encumbrances which do not have priority over [the] mortgage." Id. ¶ III.

In Barrows v. Boles, 141 N.H. 382, 393 (1996), the New Hampshire Supreme Court held that the plaintiff did not retain any right to receive rent from tenants of his mobile home park subsequent to foreclosure. The foreclosure auction occurred after the plaintiff filed a voluntary petition for bankruptcy and the bankruptcy court granted the mortgagee's request for relief from the automatic stay to proceed with the sale. Id. at 386. The plaintiff claimed that the purchaser of the property tortiously interfered with his contractual relationship with the tenants by sending a letter to the tenants instructing them to pay rent directly to the purchaser. Id. at 392. The letter was

sent after the foreclosure auction but before the sale was completed.  Id.  Even though legal title did not pass to the purchaser until the foreclosure deed was recorded, see RSA § 479:26, III, the supreme court held that the debtor "possessed neither a legal nor an equitable interest in the property once the auctioneer's hammer fell and the memorandum of sale was signed."  Barrows, 141 N.H. at 393 (quotation omitted).  I cannot see why McAdam's situation is different merely because she wrongfully remained in possession of the property after foreclosure.

McAdam nevertheless argues that because New Hampshire law provides some protection for holdover tenants, her possessory interest in the property should be protected by the automatic stay.  State law provides that the purchaser at a mortgage foreclosure sale may recover possession from an occupant through a possessory action after providing notice in writing to quit the premises.  RSA § 540:12 (1997); see also RSA § 540:3, II (1997) (requiring thirty days' notice).  Although state law may recognize McAdam's right to receive notice of the eviction proceedings, these statutes do not confer any rights upon the

bankruptcy estate that would be protected by the automatic stay. See In re Crime Free, Inc., 196 B.R. 116, 119 (Bankr. E.D. Ark. 1996) (noting that under Arkansas law, debtor wrongfully in possession of real property following foreclosure sale only has a possessory interest in the property which "amounts to no more than the right to litigate eviction proceedings"); see also In Re Comis, 181 B.R. 145, 150 (Bankr. N.D.N.Y. 1994) (automatic stay does not apply to purchaser's claim to property acquired by foreclosure notwithstanding fact that debtor remains in possession of foreclosed property).

McAdam also relies upon cases from other jurisdictions that hold that a debtor in possession of leased property has an equitable interest that may be included in the bankruptcy estate and protected by the automatic stay. See, e.g., Schewe v. Fairview Estates (In re Schewe), 94 B.R. 938, 946 (Bankr. W.D. Mich. 1989) (holding that the automatic stay is applicable to debtor's possessory interest in mobile home lot pursuant to a month-to-month lease); In re Onio's Italian Rest. Corp., 42 B.R. 319, 321 (Bankr. S.D.N.Y. 1984) (holding that a debtor's bare possessory interest in the premises without legal right is a

residual interest and the court may stay an eviction warrant for a reasonable time for good cause).  Likewise, courts have recognized that a tenant's possessory interest in property is included in the bankruptcy estate when the bankruptcy petition is filed and thus the landlord must seek relief from the automatic stay prior to terminating the lease or instituting eviction proceedings.  See, e.g., In re Atlantic Bus. and Cmty. Corp., 901 F.2d 325, 328 (3d Cir. 1990); In re 48th St. Steakhouse, Inc., 835 F.2d 427, 430 (2d Cir. 1987).  But see In re Turner, 326 B.R. 563, 573 (Bankr. W.D. Pa. 2005) ("[A] mere possessory interest (for instance, a 'squatter' or tenant at sufferance) in an expired lease at the time of filing is not enough to sustain the protections of the automatic stay.")

None of these cases, however, squarely address the issue of whether a debtor retains a possessory interest in foreclosed property after the completion of a foreclosure authorized by the bankruptcy court.  Although a tenant's possessory interest in real property may be recognized in some contexts, it is a very different matter to hold that a debtor who refuses to surrender possession of property that is subject to a valid foreclosure

sale has an interest in the property that is entitled to protection under the automatic stay.  The cases that McAdam cites thus do not support her claim against Lorden.

As discussed above, under state and federal law, McAdam's legal and equitable interests in the property terminated when the foreclosure process was completed.  See In re Beeman, 235 B.R. 519, 527 (Bankr. D. N.H. 1999); Barrows, 141 N.H. at 393.  Thus, I conclude that McAdam's continued occupation of the subject property after the foreclosure sale, without right to do so, does not create a property interest that is entitled to protection by the automatic stay.

For the reasons stated above, the bankruptcy court's order dismissing McAdam's complaint is affirmed.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 26, 2005

cc: Grenville Clark, III, Esq.
    Michael S. Askenaizer, Esq.
    US Bankruptcy Court - NH, Clerk
    US Trustee